IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TONY EDWARD SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:09-cv-1328 |
| ) | |
| ) | |
| COUNTY OF STAFFORD, ) | |
| VIRGINIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court are Defendants County of Stafford Sheriff's Office, Sheriff Charles Jett, Det. C.P. Cameron, 1st Sgt. Ray H. Davis, Dep. Larry W. Sturdivant, 1st Sgt. Michael Jenkins, Commonwealth's Attorney Daniel Chichester, and Assistant Commonwealth's Attorney Eric L. Olsen's Motions to Dismiss the Amended Complaint (Dkt. Nos. 28, 35, and 39) pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

Background

The allegations in the Complaint and Amended Complaint are as follows. On October 18, 2009, Dep. Larry W. Sturdivant, Jr. was dispatched to investigate a reported sexual battery by Plaintiff Tony Savage. Compl. ¶ 10. The alleged victim, a ten-year old girl, along with her mother, lived in a room which they rented in Plaintiff's house. Compl. ¶ 10. Dep. Sturdivant spoke with the girl and also interviewed Plaintiff. Am. Compl. ¶ 9. The girl told Dep.

1

Sturdivant that Plaintiff had inappropriately touched her breast and butt. Am. Compl. ¶ 25. When Dep. Sturdivant spoke with Plaintiff he denied the incident. Am. Compl. ¶ 25. According to Dep. Sturdivant's report of the incident, Plaintiff told Dep. Sturdivant that he had drunk a Long-Island iced tea that afternoon. Am. Compl. ¶ 25. At this point Dep. Sturdivant called one of his supervisors to discuss the situation with him. Am. Compl. ¶ 25. When Dep. Sturdivant checked Plaintiff's criminal history, he found a report from December 2008 stating that Plaintiff attempted to lure a seventeen-year old female into his car at a bus stop. Am. Compl. ¶ 25. Dep. Sturdivant then arrested Plaintiff without an arrest warrant. Compl. ¶ 41. Plaintiff was transported to the magistrate who issued an arrest warrant for misdemeanor sexual battery. Compl. ¶ 43. Plaintiff was detained overnight, arraigned, and then released on bond the next morning. Compl. ¶ 44.

On November 3, 2009, Det. Cameron presented the case against Plaintiff to a grand jury which indicted Plaintiff on two counts of aggravated sexual battery and one count of taking indecent liberties with a child. Am. Compl ¶¶ 26, 68. On January 7, 2010, the Commonwealth's Attorney *nolle prossed* the original warrant for sexual battery, having determined that, "[t]his is a case that should have been charged as Aggravated Sexual Battery due to the age of the victim (10) . . . ." Am. Compl. ¶ 30.

On November 27, 2009, Plaintiff Tony Savage filed a complaint against the County of Stafford ("County"), the County's Sheriff's Office ("Sheriff's Office"), Sheriff Charles E. Jett, Det. C.P. Cameron, 1st Sgt. Ray H. Davis, and Dep. Larry W. Sturdivant.[1] In his Complaint Plaintiff asserts the following claims: 1) liability under 42 U.S.C. § 1983 for his arrest; 2) liability under 42 U.S.C. § 1983 for his detainment; 3) liability under 42 U.S.C. § 1983 for a conspiracy to have him unlawfully arrested; 4) liability under 42 U.S.C. § 1983 for failure to

---

[1] Plaintiff is suing all of the person defendants in their official and individual capacities.

train; 5) malicious prosecution; 6) abuse of process; 7) violation of the Virginia Civil Rights Act; 8) false arrest; and 9) intentional infliction of emotion distress. On February 23, 2010, Plaintiff filed an Amended Complaint naming an additional sheriff's deputy, 1st Sgt. Michael Jenkins, as a defendant and also alleging violations by the Commonwealth Attorney Daniel M. Chichester and Assistant Commonwealth Attorney Eric L. Olsen.[2] While it is not entirely clear to the Court what claims Plaintiff is asserting against Chichester and Olsen, he appears to be alleging abuse of process and malicious prosecution along with possibly some additional claims. On March 26, 2010, this Court issued an order dismissing the case against the County. This opinion will address all other defendants.

Standard of Review

A court should grant a motion to dismiss for failure to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court must regard all factual allegations in the complaint as true. *Id.* (2007). Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and therefore, the issue can be decided as a matter of law. *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000). In order to survive a motion to dismiss, the plaintiff must allege facts which show the claim is plausible on its face, not merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading "that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor

---

[2] Plaintiff is suing Chichester in his official capacity, and he is suing Olsen and 1st Sgt. Jenkins in their official and individual capacities.

3

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Along with their motions to dismiss, Defendants submitted affidavits from certain police officers and other relevant records in their exhibits in support of the motion. If the Court chooses to consider these documents, then Fed. R. Civ. P. 12(d) requires the Court to treat the motion "as one for summary judgment under Rule 56," in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Plante v. Shivar*, 540 F.2d 1233, 1235 (4th Cir. 1976).

The Fourth Circuit has held that the term "reasonable opportunity" requires that the parties are given "some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or to pursue reasonable discovery." *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir. 1974) (internal quotation marks and citation omitted). In addition to receiving notice, a party must be afforded a "reasonable opportunity for discovery" before a 12(b)(6) motion may be converted and summary judgment granted. *Id.* at 515.

In this case, Plaintiff has not been afforded a reasonable opportunity for discovery. The Court finds that converting Defendants' Rule 12(b)(6) motion to a Rule 56 motion, before allowing any discovery by Plaintiff, would be premature and inappropriate at this time. *Guerrero v. Deane*, 2010 WL 670089 at *5 (E.D. Va. Feb. 19, 2010) (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Therefore, the Court will limit Defendants' motions to motions to dismiss under Rule 12(b)(6) and will not consider the additional documents attached to Defendants' motions.

Eleventh Amendment Immunity

The Eleventh Amendment bars suits against unconsenting states brought by their own citizens or citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Even if the state itself is not named in the suit, "when the action is in essence one for recovery of money from the state the state is the real, substantial party in interest and is entitled to invoke sovereign immunity from suit even though individual officials are nominal defendants." *Id.* (internal quotation marks and citation omitted).

In Virginia, a suit against a sheriff and his deputies in their official capacities and suits against a sheriff's office are suits against the state. *See Harris v. Hayter*, 970 F. Supp. 500, 502 (W.D. Va. 1997) ("In Virginia, a suit against a sheriff in his official capacity is a suit against a state official."); *Francis v. Woody*, 2009 WL 1442015 at *4 (E.D. Va. May 22, 2009) ("[I]n Virginia, a lawsuit against a sheriff in his official capacity is actually a lawsuit against the State.); *see also Blankenship v. Warren County*, 931 F. Supp. 447, 449 (W.D. Va. 1996); *Bell v. City of Roanoke's Sheriff's Office*, 2009 WL 5083459 at *2 (W.D. Va. Dec. 29, 2009). In this case, there is no indication that the state has waived sovereign immunity. Thus all of Plaintiff's claims against Sheriff Jett and his deputies in their official capacities, and claims against the Sheriff's Office are dismissed with prejudice.

Similarly, claims against the Commonwealth's Attorney and Assistant Commonwealth's Attorney in their official capacities are barred by the Eleventh Amendment as the Commonwealth Attorney, like the Sheriff, is an arm of the state. The Fourth Circuit has laid out a four-part test to determine whether a state official is immune under the Eleventh Amendment. *See Ram Ditta v. Md. Nat'l Park & Planning Comm'n*, 822 F.2d 456 (4th Cir. 1987). The first

and most important consideration is whether the state treasury will pay any judgment that might be awarded. *Id.* at 457. The other three factors that the court is to consider are whether the state entity exercises a significant degree of autonomy from the state; whether it is involved with local versus state-wide concerns; and how it is treated as a matter of state law. *Id.* at 457-58.

Under Virginia law, the Commonwealth's Attorney is a constitutional officer. Va. Const. Art. 7, § 4; *see Hilton v. Amburgey*, 198 Va. 727, 729 (1957). The Commonwealth of Virginia funds a risk management plan for constitutional officers, which is administered by the Department of the Treasury's Division of Risk Management ("Division"). Va. Code Ann. § 2.2-1839. The plan protects against liability imposed by law for damages against any constitutional officers of the Commonwealth. *Id.* Funds are invested into the trust according to Va. Code Ann. § 2.2-1806, which provides for the investment of funds from the state treasury. Thus, since claims against the Commonwealth Attorney are paid from a trust funded by the state treasury, the Virginia Department of Treasury would be responsible for paying any judgment which would result from this action. *Plaster v. Brown*, 2005 WL 3021961 at *3 (W.D. Va. Nov. 8, 2005); *see Blankenship*, 931 F. Supp. at 449; *Bockes v. Fields*, 999 F.2d 788, 790 (4th Cir. 1993).

The other three factors laid out in *Ram Ditta*, also support the conclusion that the Commonwealth Attorney is immune under the Eleventh Amendment. The Commonwealth's Attorney's term, duties, and authority are created by statute. Va. Code Ann. §§15.2-1626, 1627. Additionally, the Commonwealth's Attorney's salary is prescribed by and paid by the Commonwealth, and his primary duty is to prosecute violations of state laws. Va Code Ann. §§ 1627, 1627.1. As such, the Court finds that the Commonwealth Attorney and assistant commonwealth's attorneys, like the sheriff and his deputies, are arms of the state and therefore are entitled to Eleventh Amendment immunity when sued in their official capacities. *See*

*Plaster*, 2005 WL 3021961 at *4; *Smith v. McCarthy*, 2009 WL 50022 at *15 (W.D. Va. Jan. 7, 2009). All claims by Plaintiff against Daniel M. Chichester and E. Olsen in their official capacity are dismissed with prejudice.

Count 1: Violation of 42 U.S.C. § 1983: Arrest

Plaintiff alleges that his constitutional rights were violated when he was arrested in his home without a warrant for a misdemeanor committed outside the presence of an officer. For their part in his unlawful arrest, Plaintiff alleges that Dep. Sturdivant, 1st Sgt. Davis, Det. Cameron, and 1st Sgt. Jenkins are all liable under 42 U.S.C. § 1983 in both their individual and official capacities for violating his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution.

As already discussed, the suits against the Defendants in their official capacities are barred by Eleventh Amendment immunity and must therefore be dismissed.

Under Section 1983, state and local law enforcement officers who are sued in their individual capacities for damages are entitled to qualified immunity. *See Cromer v. Brown*, 88 F.3d 1315, 1324 (4th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is qualified because it can be lost. Immunity is lost when an official (1) violates a statutory or constitutional right of the plaintiff, and (2) the right was "clearly established" at the time of the acts complained of such that an objectively reasonable official in that position would have known of the right." *See McVey v. Stacy*, 157 F.3d 271, 276 (4th Cir. 1998).

The first step is to determine whether there was a constitutional violation. The Fourth Amendment gives people the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable

7

cause . . . ." In interpreting the Fourth Amendment, the Supreme Court has held that the Fourth Amendment permits a duly authorized law enforcement officer to make a warrantless felony arrest, not committed in his presence even though he had adequate time to procure a warrant after developing probable cause for arrest. *See U.S. v. Watson*, 423 U.S. 411, 426 (1976). The Supreme Court, however, has not explicitly reached the question of whether the Fourth Amendment prohibits an officer from effecting an arrest without a warrant for a *misdemeanor* committed outside his presence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 341, n. 11 (2001) ("We need not, and thus do not, speculate whether the Fourth Amendment entails an 'in the presence' requirement for the purpose of misdemeanor arrests.").[3] However, whether the crime constitutes a misdemeanor or a felony, if the officer effects an arrest when he does not have probable cause, the arrestee's constitutional rights have been violated. *U.S. v. Watson*, 423 U.S. at 417 (internal citations omitted).

In this case, Plaintiff has alleged that he was arrested in his home for a misdemeanor without a warrant and that the arresting officer, Dep. Sturdivant, did not have probable cause to arrest him. Assuming all facts pled by Plaintiff are true, the Court finds that Plaintiff has sufficiently pled that Dep. Sturdivant violated his constitutional rights when he arrested him for misdemeanor sexual battery. Further, the Fourth Amendment's protection against unreasonable search and seizure which requires probable cause in order for an arrest is a well-established right. As such, the Court finds that Plaintiff has sufficiently pled a claim against Dep. Sturdivant under Section 1983 for violation of the Fourth Amendment.

---

[3] In *Maryland v. Pringle*, 540 U.S. 366 (2003), the Supreme Court stated, "[a] warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, may without violating the Fourth Amendment arrest the offender." *Id.* at 370. However, because this case involved a warrantless arrest of a defendant for a felony that occurred in the officer's presence, the statement about a misdemeanor is merely dictum.

8

In order for a claim against an official in his personal capacity to survive a motion to dismiss, Plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Iqbal*, 129 S.Ct. at 1948. In a Section 1983 suit, state officials cannot be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See id.* In this case, Plaintiff has only clearly alleged facts regarding Dep. Sturdivant's role in his arrest. In Plaintiff's original Complaint he also mentions 1st Sgt. Davis when detailing the facts of his arrest, stating that Dep. Sturdivant discussed whether or not to arrest Plaintiff with 1st Sgt. Davis. However, in Plaintiff's Amended Complaint, he alleges that it was actually with1st Sgt. Jenkins that Dep. Sturdivant discussed whether or not to arrest Plaintiff. In the next paragraph in the Amended Complaint though, Plaintiff against states that it was 1st Sgt. Davis who instructed Dep. Sturdivant to arrest Plaintiff. These allegations are both insufficient and unclear as to what role, if any, 1st Sgts. Davis and Jenkins played in Plaintiff's arrest. Additionally, Plaintiff has failed to allege any facts regarding Sheriff Jett and Det. Cameron's involvement in Plaintiff's arrest. Because vicarious liability is not applicable to Section 1983 suits, Plaintiff's claims for unlawful arrest against all Defendants except Dep. Sturdivant are dismissed without prejudice. Accepting all of the allegations as true, the Court finds that Plaintiff has sufficiently stated a claim against Dep. Sturdivant in his personal capacity.

Count 2: Violation of 42 U.S.C. § 1983: Detention

Plaintiff alleges in Count 2 of his Complaint that he was unlawfully and maliciously detained and confined by Dep. Sturdivant, 1st Sgt. Davis, and Det. Cameron in violation of his Fifth and Fourteenth Amendment rights. While it is not entirely clear what right or rights Plaintiff is claiming was violated, he appears to be alleging a due process violation when he

states that he was deprived of "his right to his liberty without probable cause." The Due Process Clause forbids the state from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. V. There are two types of due process violations, but Plaintiff has not specified whether he is alleging a substantive due process claim or a procedural due process claim. In *Albright v. Oliver*, 510 U.S 266 (1994), the Supreme Court held in a plurality opinion that the right to be free from prosecution without probable cause was not a substantive due process right. *Id.* at 271. Therefore, to the extent that Plaintiff is alleging a violation of his substantive due process rights, the claim is dismissed without prejudice.

We next turn to Plaintiff's potential procedural due process claim. The Fourth Circuit has recognized the due process "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in his investigatory capacity." *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). In *Wilmore*, a police officer was accused of testifying to a false fact in the plaintiff's murder trial. *Id.* In the current case, Plaintiff has alleged that he was not given the opportunity to speak with the magistrate and that Dep. Sturdivant requested that he not receive bond. These facts are very different from those in *Wilmore* as Plaintiff does not allege that Dep. Sturdivant testified falsely to the magistrate or that he fabricated evidence. Further, Plaintiff has not alleged any other facts, such as undue delay in being taken before the magistrate, which would amount to a violation of his procedural due process rights. *See McDonald v. Dunning*, 760 F. Supp. 1156, 1166-67 (E.D. Va. 1991). As such, Plaintiff's claim that his due process rights were violated when he was detained is dismissed without prejudice.

Plaintiff also alleges that by being detained he was deprived of his equal protection rights. In order to state a claim for an equal protection violation, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated and that this unequal

treatment was the result of intentional discrimination. *Slade v. Hampton Roads Reg'l Jail*, 303 F. Supp. 2d. 779, 781 (E.D. Va. 2004). Plaintiff has alleged no facts about differential treatment. As such, his claim that his detention violated his equal protection rights is dismissed without prejudice.

Count 3: Violation of 42 U.S.C. § 1983: Conspiracy

Plaintiff alleges that Dep. Sturdivant, 1st Sgt. Davis, and Det. Cameron conspired against him in violation of both Sections 1983 and 1985. In support of his claims Plaintiff alleges that Dep. Sturdivant, 1st Sgt. Davis, and Det. Cameron unlawfully and maliciously conspired together to deprive Plaintiff of his liberty without due process of law and his right to equal protection of the laws.

To establish a civil conspiracy under Section 1983, Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in Plaintiff's deprivation of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff has a weighty burden to establish a civil rights conspiracy. *Id.* In order to survive a motion to dismiss, Plaintiff must plead facts that reasonably lead to the inference that the Defendants positively or tacitly came to a mutual understanding to try and accomplish a common and unlawful plan. *Id.*

In this case, Plaintiff has alleged no facts that indicate the Defendants acted in concert to obstruct Plaintiff's constitutional rights. He has made only conclusory statements that Dep. Sturdivant, 1st Sgt. Davis, and Det. Cameron conspired together. While Plaintiff does allege that a conversation took place between Dep. Sturdivant and 1st Sgt. Davis on the night of October 18, 2009, he has not alleged any facts that would support the necessary element that each defendant

11

shared the common conspiratorial objective. Plaintiff's claim under Section 1983 is therefore dismissed without prejudice.

In order to establish a cause of action under Section 1985(3), a plaintiff must allege the following: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1333 (4th Cir. 1976) (citing *Griffin v. Breckenridge*, 403 U.S 88, 102 (1971)). The Fourth Circuit has "specifically rejected Section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete support facts." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). The Court has reviewed Plaintiff's pleadings carefully and finds that Plaintiff's allegations lack factual support and finds that the conspiracy is plead in a completely conclusory manner. Plaintiff's claim under Section 1985 is therefore dismissed without prejudice.

Count 4: Violation of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent

To impose liability on a supervisor for failure to train subordinates, a plaintiff must plead and prove that 1) the subordinates actually violated the plaintiff's constitutional rights; 2) the supervisor failed to train properly the subordinates thus illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and 3) the failure to train actually caused the subordinates to violate the plaintiff's rights. *Brown v. Mitchell*, 308 F. Supp. 2d. 682, 701 (E.D. Va. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

The Court has already held that Plaintiff has sufficiently alleged that Dep. Sturdivant violated Plaintiff's Fourth Amendment right against unreasonable search and seizure.

As to the second element, a supervisory power cannot be held liable under the deliberate indifference standard unless the supervisory power had "fair notice that the subordinates [were] engaged in constitutional or statutory deprivations." *Mitchell*, 308 F. Supp. 2d 682 at 703. "In other words, in order to have exhibited deliberate indifference, the supervisory power must have had notice of the constitutional or statutory violation, and thereafter must have consciously chosen a particular course of action in response." *Id.* Plaintiff's only statement regarding whether the Defendants had fair notice, and therefore whether they acted with deliberate indifference, is the allegation that the Defendants "had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed." Complaint ¶ 84. The Court finds that these conclusory statements which are supported by no underlying facts do not adequately make out the second element of a failure to train claim.

Lastly, in order to adequately plead a failure to train claim Plaintiff must allege a causal nexus between the failure to train and the complained of injury. *Mitchell*, 308 F. Supp. 2d at 706. In the Complaint, Plaintiff states, "[a]s a direct and proximate cause of the negligent and intentional acts of [the defendants], Plaintiff suffered loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights . . . ." Plaintiff does not allege any more facts as to how the Defendants' failure to train led to his injury. It is insufficient to merely plead the elements of the claim, which is what Plaintiff has done here. As

such, Plaintiff's claim for failure to train against 1st Sgt. Davis and Sheriff Jett must be dismissed without prejudice.

The claim must be dismissed against the Sheriff's Office because the Sheriff's Office is entitled to Eleventh Amendment immunity. *See Blankenship v. Warren County*, 931 F. Supp. 447, 449 (W.D. Va. 1996).

Malicious Prosecution

Plaintiff next alleges a claim for malicious prosecution under state law. In the Complaint, Plaintiff states that Dep. Sturdivant, 1st Sgt. Davis, and Det. Cameron did not have probable cause to charge him and that therefore they unlawfully initiated criminal proceedings against him. He further alleges that the Sheriff's Office and Sheriff Jett are liable under the doctrine of *respondeat superior*.

Under Virginia law, a *prima facie* case of malicious prosecution requires a showing that the prosecution was 1) malicious; 2) instituted by, or with the cooperation of, the defendant; 3) without probable cause; and 4) terminated in a manner not unfavorable to the plaintiff. *Hudson v. Lanier*, 255 Va. 330, 333 (1998). Actions for malicious prosecution arising from criminal proceedings are not favored in Virginia. *Ayyildiz v. Kidd*, 220 Va. 1080, 1082 (1980). The requirements for maintaining an action of malicious prosecution arising from a criminal case are more stringent than those applied in other tort actions. *Id.*

At this point, the prosecution against Plaintiff has not yet terminated. He is scheduled to go to trial on May 9, 2010. Because the criminal case is yet unresolved, Plaintiff cannot adequately allege the fourth element of a *prima facie* case of malicious prosecution which is that

the prosecution was terminated in a manner not unfavorable to him. Plaintiff's claim for malicious prosecution is therefore dismissed without prejudice.

Abuse of Process

Plaintiff alleges in his Complaint that the Defendants "maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." Compl. ¶ 91.

In order to make out a claim for abuse of process, Plaintiff must prove: 1) the existence of an ulterior purpose; and 2) an action in the use of process that would not be proper in regular prosecution. *Triangle Auto Auction, Inc. v. Cash*, 238 Va 183, 184 (1989). The allegations Plaintiff makes in support of his cause of action mirror almost identically the elements of the cause of action, without any supporting facts. Plaintiff cannot survive a motion to dismiss when his Complaint is merely a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiff's claim of abuse of process is dismissed without prejudice.

Violation of Virginia Civil Rights Acts

Plaintiff alleges that Defendants actions were in violation of the Virginia Civil Rights Act. The act under Virginia law which forbids discrimination based on race, gender, disability, etc. is entitled the Virginia Human Rights Act ("VHRA"). Va. Code. § 2.2-3900. There is no act under Virginia law entitled the Virginia Civil Rights Act. The courts in Virginia have consistently held that there is no personal cause of action under the VHRA except under the

limited circumstances outlined in Va. Code § 2.2-2639(B)-(C), which do not apply in this case. *Blankenship v. Portsmouth*, 372 F. Supp. 2d 496, 501 (E.D. Va. 2005). As such, Plaintiff's claim under the VHRA is dismissed without prejudcie.

False Arrest and Detainment

False imprisonment is the restraint of one's liberty without sufficient legal excuse. *Montgomery Ward & Co. v. Wickline*, 188 Va. 485 (1948). When an individual is arrested without a warrant, the legality of the arrest will turn on whether the officer acted in good faith and with reasonable belief in the validity of the arrest.[4] *DeChene v. Smallwood*, 226 Va. 475, 480 (1984). The Court finds that assuming all of allegations in the Complaint are true, Plaintiff has sufficiently pled that Dep. Sturdivant arrested him without legal excuse as Plaintiff has pled that Dep. Sturdivant arrested him without a warrant and without probable cause. Plaintiff has not, however, alleged any facts which would support a claim for false imprisonment against 1st Sgt. Davis, Det. Cameron, or Sheriff Jett. Additionally, the Sheriff's Office is protected by sovereign immunity when the false arrest claim is based on vicarious liability. *See Braken v. Merrill*, 1992 WL 884575 at * 3 ("'false arrest' . . . is an intentional tort as opposed to an action sounding in negligence, and neither . . . a state agency, nor the Commonwealth may be held vicariously liable in this action"). Therefore, all claims for false arrest, except that against Dep. Sturdivant, are dismissed without prejudice.

---

[4] Several Virginia cases suggest that when an officer arrests an individual without a warrant for a misdemeanor committed outside his presence, good faith is not an excuse for a claim of false imprisonment. *See Montgomery Ward*, 188 Va. at 490; *Crosswhite v. Barnes*, 139 Va. 471, 485 (1934). It is unnecessary, however, for the Court to address this issue since the allegation is that the Defendants did not act with good faith and reasonable belief.

Intentional Infliction of Emotional Distress

Under Virginia law, Plaintiff must prove the following elements in order to make out a *prima facie* case of intentional infliction of emotional distress: 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there is a causal connection between the wrongdoer's conduct and the emotional distress; 4) the emotional distress was severe. *Womack v. Eldridge*, 215 Va. 338, 342 (1974). "[I]t is insufficient for a defendant to have acted with an intent which is tortious or even criminal." *Russo v. White*, 241 Va 23, 27 (1991) (internal quotation marks and citation omitted). Rather, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (citations omitted).

In this case, Plaintiff has failed to allege conduct that qualifies as outrageous and intolerable. Plaintiff's only allegations as to the conduct are a word-for-word recitation of the requisite level of outrageousness as defined in *Russo* without any supporting facts. Plaintiff states only that Defendants' conduct "was extreme and outrageous, beyond all possible bounds of human decency and utterly intolerable in a civilized community." Plaintiff has also failed to allege sufficient facts as to the severity of his emotional distress. *See Harris v. Kreutzer*, 271 Va. 188, 204-05 (2006) (nightmares, difficulty sleeping, extreme loss of self-esteem and depression, mortification, humiliation, shame, disgrace, and injury to reputation held to be insufficient to support a claim for intentional infliction of emotional distress).

Claims Against Commonwealth's Attorney and Assistant Commonwealth's Attorney

In Plaintiff's Amended Complaint, he alleges claims against the Stafford County Commonwealth Attorney Chichester and Assistant Commonwealth Attorney Olsen. Plaintiff states that he is suing Chichester in his official capacity and suing Olsen in his official and personal capacity. As has previously been discussed, all claims against state prosecutors in their official capacities are barred by the Eleventh Amendment. Therefore the claims against Chichester and Olsen in their official capacities are dismissed with prejudice.

Additionally, the Court finds that any claims against Olsen in his personal capacity must also be dismissed because they are not adequately pled. The Court cannot even decipher what causes of action Plaintiff is attempting to allege. As a best guess, the Court believes Plaintiff is asserting claims for abuse of process and malicious prosecution, but he has failed to plead any facts which support either of these claims and which would raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 570 (2007). As such all claims against Olsen in his individual capacity are dismissed without prejudice.

Conclusion

In sum, the only claims remaining are the claims against Dep. Sturdivant for 1) liability under Section 1983 for arresting Plaintiff in violation of the Fourth Amendment, and 2) the state law claim of false arrest. All claims against the Defendants in their official capacities and claims against the Sheriff's Office are dismissed with prejudice. All other claims are dismissed without prejudice.

May 4, 2010
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge