IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TONY EDWARD SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:09-cv-1328 |
| ) | |
| ) | |
| COUNTY OF STAFFORD, ) | |
| VIRGINIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court are Defendants Sturdivant, Olsen, and Cameron's Motion to Dismiss the Second Amended Complaint (Dkt. No. 58); Defendant County of Stafford, Virginia's Motion to Dismiss the Second Amended Complaint (Dkt. No. 60); and Plaintiff's Motion to Withdraw Eric Olsen and C.P. Cameron (Dkt. No. 56). Upon review of the pleadings submitted by the parties, the Court hereby issues the following opinion granting Defendants' Motions to Dismiss.

Background

On October 18, 2009, Dep. Larry Wayne Sturdivant, Jr. was dispatched to investigate a reported sexual battery of a ten-year old girl by Plaintiff Tony Savage. The alleged victim, along with her mother, lived in a room which they rented in Plaintiff's house. Dep. Sturdivant spoke with the girl and also interviewed Plaintiff. Dep. Sturdivant then checked Plaintiff's criminal history and found a report from December 2008 where Plaintiff attempted to lure a seventeen-year old female into his car at a bus stop. Dep. Sturdivant arrested Plaintiff without an arrest

1

warrant. Plaintiff was then transported to the magistrate who issued an arrest warrant for misdemeanor sexual battery. Plaintiff was detained overnight, arraigned, and then released on bond the next morning. On November 3, 2009, a grand jury indicted Plaintiff for two counts of aggravated sexual battery and one count of taking indecent liberties with a child. The Commonwealth's Attorney *nolle prossed* the original warrant for sexual battery, having determined that, "[t]his is a case that should have been charged as Aggravated Sexual Battery due to the age of the victim (10) . . . ." Amended Complaint ¶13.

Count 2: Violation of 42 U.S.C. § 1983: Detention

In order to survive a motion to dismiss, the plaintiff must allege facts which show the claim is plausible on its face, not merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading "that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 149 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff alleges in Count 2 of his Second Amended Complaint that he was unlawfully detained by Dep. Sturdivant in violation of his Fourteenth Amendment rights, specifically his procedural due process rights. Plaintiff alleges that Dep. Sturdivant, acting in his individual capacity, fabricated evidence, testified falsely to the magistrate by using this evidence and caused undue delay in taking Plaintiff before the magistrate.

The Fourth Circuit has recognized that due process includes the "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in his investigatory capacity," but Plaintiff fails to provide factual support for his allegation that

fabricated evidence was used to deprive him of his liberty. *See Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). Plaintiff asserts that Dep. Sturdivant's report amounts to a fabrication because it differs from the alleged victim's written statement of the incident. However, upon review of both statements included in the Second Amended Complaint, the Court finds that Dep. Sturdivant's narrative report does not differ from the alleged victim's in any material way; rather the statements are substantively consistent. Plaintiff's conclusory statement that the narrative report was fabricated without adding any factual support to allow the Court to find that the allegation is plausible, rather than "merely speculative," *Twombly*, 550 U.S. at 570, is fatal to his Complaint.

Similarly, Plaintiff has not alleged facts to support that there was undue delay in being taken before the magistrate, which might in theory amount to a violation of his procedural due process rights. Plaintiff states only that he was held while Dep. Sturdivant spoke with other officers and collected a statement from the alleged victim. The "naked assertion" of an undue delay without any supporting facts is not sufficient to support a claim that the due process rights were violated. Further, the facts that Plaintiff does allege cannot amount to a deprivation of his procedural due process rights as he was only held for approximately two hours prior to being brought to the magistrate. A period of a few hours does not rise to the level of an unconstitutional deprivation of liberty without due process of law.[1] *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) (holding that a three day detention does not amount to an unconstitutional deprivation of liberty); *Day v. City of Hampton*, 2001 WL 34803137 (E.D. Va. 2001) (finding that two days between arrest and arraignment was not a deprivation of liberty without due process of law).

---

[1] To the extent Plaintiff argues that Dep. Sturdivant lacked probable cause to arrest him, this falls under Count 1 from Plaintiff's original Complaint which was never dismissed.

Plaintiff was provided a chance to sufficiently re-plead his claim of violation of due process in accordance with Fed. R. Civ. P. 12(b)(6), but was unable to present the Court with any claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. As such, Plaintiff's claim that his due process rights were violated when he was detained is dismissed with prejudice.

Claims Against Assistant Commonwealth Attorney E. Olsen

In his Second Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest and detainment, malicious prosecution, and abuse of process against Defendant Olsen. The crux of Plaintiff's argument is that Olsen knowingly presented false testimony to the Stafford County Grand Jury in order to obtain felony warrants against Plaintiff. As to all three claims, the Court finds that Olsen is entitled to absolute immunity.

The law is clear that in a § 1983 suit, prosecutors are entitled to absolute immunity for activities in or connected with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutors are immune for initiating a prosecution and for presenting the state's case. *Id.* Specifically, the Supreme Court has recognized absolute immunity for prosecutors in their conduct before a grand jury. *See Burns v. Reed*, 500 U.S. 478, 490 (1991). Further, in a case with facts very similar to those before the Court now, the Supreme Court affirmed the Second Circuit's holding that absolute immunity applies even when the allegations are that the prosecutor maliciously and without probable cause procured a grand jury indictment by the willful introduction of false and misleading evidence. *See Imbler*, 424 U.S. at 422 (citing *Yaselli v. Goff*, 275 U.S. 503 (1927)).

Under Virginia law, when a prosecutor is involved in the charging process, that action is "intimately connected with the prosecutor's role in judicial proceedings and the prosecutor is

entitled to absolute immunity...." *Andrews v. Ring*, 266 Va. 311, 321 (2003). This includes a prosecutor's involvement in preparing an indictment for consideration by a grand jury. *Id.* In *Andrews*, the Virginia Supreme Court explicitly held that the Commonwealth's Attorney was entitled to absolute immunity from suit alleging malicious prosecution. *Id.*

In this case, the Court finds that the actions which Plaintiff alleges Olsen undertook are all clearly connected with the prosecutor's role in judicial proceedings, and therefore Olsen is entitled to absolute immunity. All claims against Olsen in his individual capacity are dismissed with prejudice.

Claims Against Det. Cameron

Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest and detainment, malicious prosecution, and abuse of process against Det. Cameron. As with Olsen, the crux of Plaintiff's claims is that Det. Cameron knowingly testified falsely before the grand jury in order to obtain indictments against Plaintiff.

Under § 1983, state and local law enforcement officers who are sued in their individual capacities for damages are entitled to qualified immunity. *See Cromer v. Brown*, 88 F.3d 1315, 1324 (4th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is qualified because it can be lost. Immunity is lost when an official (1) violates a statutory or constitutional right of the plaintiff, and (2) the right was "clearly established" at the time of the acts complained of such that an objectively reasonable official in that position would have known of the right." *See McVey v. Stacy*, 157 F.3d 271, 276 (4th Cir. 1998).

The Court finds that Plaintiff has failed to allege a constitutional violation. While he claims to assert a violation of his due process rights, the facts that he has pled do not amount to

5

such, as Plaintiff's bold assertion that Det. Cameron presented false testimony has no factual backing. Plaintiff argues that Det. Cameron knowingly testified to the grand jury based on Dep. Sturdivant's false report, and that this amounts to a deprivation of his due process rights. However, as discussed previously, the Court finds that the two reports of the incident are nearly identical, and the minor differences between the two do not amount to an intentional fabrication of evidence. Because what Det. Cameron allegedly presented to the grand jury was neither false nor fabricated, the Court finds that Plaintiff's due process rights were not violated. *See Washington*, 407 F.3d at 282 Therefore, Det. Cameron is entitled to qualified immunity, and Plaintiff's claim against Det. Cameron is therefore dismissed with prejudice.

Plaintiff next alleges a claim for malicious prosecution against Det. Cameron. In the order dismissing Plaintiff's initial claim for malicious prosecution, the Court stated that one of the elements of the tort is that the prosecution terminated in a manner not unfavorable to Plaintiff. Because the criminal prosecution against Plaintiff has still not terminated, Plaintiff cannot make out a *prima facie* case of malicious prosecution. His claim against Det. Cameron for malicious prosecution is therefore dismissed without prejudice.

Plaintiff's last claim is for abuse of process. The Court made it clear in its previous dismissal of the claim that in order to survive a motion to dismiss for failure to state a claim Plaintiff had to allege (1) the existence of an ulterior purpose, and (2) an action in the use of process that would not be proper in regular prosecution. The Court finds that the facts alleged by Plaintiff in his Second Amended Complaint again fail to support either element of the claim. Specifically, Plaintiff's allegation that Det. Cameron presented Dep. Sturdivant's false report to the grand jury does not amount to "an action in the use or process that would not be proper in

regular prosecution" when there are no facts to support the assertion that the report was fabricated. Further, Plaintiff has not alleged any ulterior purpose that Det. Cameron had when he testified before the grand jury. Plaintiff was provided a chance to sufficiently re-plead his claim of abuse of process, but was unable to present the Court with any claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. As such, Plaintiff's claim is dismissed with prejudice.

Claims Against County of Stafford, Virginia

As discussed in the Court's March 26, 2010 Order, municipalities can be liable for actions of its employees under § 1983; however, they cannot be liable under a theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 693 (1978). The County of Stafford ("County") can only be held liable for the actions of its employees "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." *Id.* at 694. Under Virginia law, the sheriff is a constitutional officer who serves independent of the city or county government in which he is employed. *Sherman v. City of Richmond*, 543 F. Supp. 447, 449 (E.D. Va. 1982). Similarly, the Commonwealth's Attorney is a constitutional officer and is not an employee or officer of a city or county. *Newport News Fire Fighters Assn. v. Newport News*, 301 F. Supp. 1113, 1116. (E.D. Va. 1969). The County of Stafford does not have any control over the actions of the Sheriff and his deputies or the Commonwealth Attorney and his assistants. *Id.* Therefore, because the actions of the Sheriff, his deputies, the Commonwealth Attorney and his assistants are not attributable to the County, the County cannot be held liable for their conduct. To the extent that the Plaintiff's Second Amended Complaint attempts to state a claim against the County, all claims are dismissed with prejudice.

Claims Against Sheriff Jett

It is unclear to the Court whether Plaintiff's Second Amended Complaint asserts any new claims against Sheriff Jett as his name is not mentioned a single time. However, the Memorandum Opinion issued by the Court on May 4, 2010 effectively dismissed all claims against Sheriff Jett with prejudice as a result of Eleventh Amendment immunity. Thus, all claims that may be asserted against Sheriff Jett in his official capacity in the Second Amended Complaint are dismissed with prejudice.

All Other Claims from Plaintiff's First Amended Complaint

In the Memorandum Opinion issued by the Court on May 4, 2010, the Court ordered that claims which were dismissed without prejudice had to be re-filed within 30 days of the issuance of that order. All claims brought in the First Amended Complaint that were not re-filed within the allotted 30 days are now dismissed with prejudice.

Conclusion

In sum, the only remaining claims are those against Dep. Sturdivant for 1) liability under Section 1983 for arresting Plaintiff in violations of the Fourth Amendment, and 2) the state law claim of false arrest. The claims against Olsen asserted by Plaintiff in the Second Amended Complaint are dismissed with prejudice. Plaintiff's claims against Det. Cameron for 1) liability under Section 1983, and 2) the state law claim of false arrest are dismissed with prejudice. The remaining claim against Det. Cameron for malicious prosecution is dismissed

without prejudice. All other claims against Defendants in their official and individual capacities are dismissed with prejudice.

Alexandria, Virginia
June 16, 2010

/s/
Liam O'Grady
United States District Judge