

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TONY EDWARD SAVAGE )
)
    Plaintiff, )
)
v. ) Civil Action No.: 1:09-cv-1328
)
COUNTY OF STAFFORD, VIRGINIA, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 100), and Defendant's Motion for Summary Judgment (Dkt. No. 105). The parties have fully briefed and argued the motions, and the matter is ripe for disposition. For reasons set forth below, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED. Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. It is further ordered that Plaintiff's prayer for equitable relief is DISMISSED WITHOUT PREJUDICE.

I. Background

On the evening of October 18, 2009, Deputy Larry Sturdivant ("Sturdivant"), a deputy sheriff with the Stafford County Sheriff's Office, responded to a call to investigate a sexual assault on a ten-year-old girl. The alleged victim, Chyna Ashby ("Chyna"), lived at the residence of Plaintiff Tony Savage ("Savage") with her mother, Linda Ashby ("Ashby"). The residence is located in City of Stafford, Stafford County, VA.

Once Sturdivant arrived at Savage's home, Ashby informed him that, according to Chyna, Savage had "pinched and grabbed [Chyna's] breast," and "smacked her on the butt." Def.'s Mot. for Summ. J., Ex. A, Offense Report ("Offense Report") 3. Sturdivant then spoke to Chyna directly. Chyna told Sturdivant that at around 4:30 p.m. Savage had beckoned her into the kitchen and "smacked" her on the butt. *Id.* When Chyna came into the kitchen later in the day, Savage allegedly "pinched her in the breast," and "grabbed her right breast in a groping motion." *Id.* Chyna informed Sturdivant that Savage's breath smelled like alcohol. *Id.*

Sturdivant next went upstairs to discuss the incident with Savage. According to the Offense Report, Savage responded to the allegations by immediately stating, "I don't know what you are talking about." *Id.* He told Sturdivant that he had been in Richmond until 2:30 p.m. that day. *Id.* Savage said he had not seen Chyna all day, but he did admit to having a Long Island Iced Tea that afternoon. *Id.*[1]

Savage's version of this exchange differs from Sturdivant's in key respects. Savage claims that Sturdivant knocked on Savage's bedroom door at 11:18 p.m., awaking him from sleep. Savage identified himself, entered the bedroom, and informed Savage about the allegations against him. Savage replied that he "had been gone most of the weekend visiting with [his] brother who lives in Richmond." Third. Am. Compl. ¶ 10; *see also* Aff. of Tony Edward Savage ("Savage Aff.") ¶¶ 16-18. Savage then informed Sturdivant that he had not returned until 8:00 p.m. that evening, and offered in support of this alibi a credit card receipt from a gas station in Ruther Glenn, Virginia. Savage Aff. ¶ 22. Sturdivant took this receipt, but he did not return it. *Id.* Savage also offered Sturdivant contact information for persons whom he claimed could attest to his whereabouts that afternoon. Third Am. Compl. ¶¶ 10-11; Savage Aff.

---

[1] Savage denies telling Sturdivant that he had been drinking. Aff. of Tony Edward Savage ¶ 32.

¶ 24. According to Savage, Sturdivant replied that it was "not his duty to call to verify [the] alibi," and that "it was the court's responsibility to determine if the alibi were true or not." Savage Aff. ¶ 25. Savage also claims that Sturdivant "stated he believed after talking with [Ashby] that she may have put the girl up to making up the story because she told [Sturdivant] that she is unable to pay next month's rent and she is afraid that [Savage] was going to put her and her girls on the street." *Id.* at ¶ 26; Third Am. Compl. ¶ 15. Nevertheless, when another deputy arrived in Savage's bedroom and asked to investigate Savage's alibi, Sturdivant told him not to do so. Savage Aff. ¶¶ 28-29; Third Am. Compl. ¶ 13.

Sturdivant testified at Savage's criminal trial that Savage had indeed attempted to show him a gas receipt, and that Savage had offered phone numbers of people who could confirm his alibi. Pl.'s Mot. for Summ. J., Ex 1, Trial Transcript 39-40. According to his testimony, Sturdivant did not pursue this alibi evidence because Savage had already told Sturdivant he was home at 2:30 p.m., and because Sturdivant was reluctant to speak to someone who was not present at the scene while he investigated the crime. *See id.*; *see also id.* at 98-99. Sturdivant omitted any mention of Savage's alibi in his Offense Report.

After speaking to Savage, Sturdivant returned downstairs where Chyna completed a statement. Sturdivant again questioned Chyna, and her story remained consistent. Sturdivant conferred with his superiors, and ran a background check on Savage. The background check revealed no criminal history, but Sturdivant did find a prior report "where [Savage] attempted to get a 17 year old female to get in his car at a bus stop." Offense Report 3.

At approximately 1:25 a.m., Sturdivant went back into the house and read Savage his *Miranda* rights. Savage reasserted that he had not seen Chyna all day. When asked about the

prior incident involving the 17-year-old girl, Savage stated that "it wasn't him, that it was someone else." *Id.* Sturdivant consulted with a superior, and placed Savage under arrest.

Sturdivant transported Savage to the magistrate judge who issued an arrest warrant for misdemeanor sexual battery pursuant to Va. Code. § 18.2-67.4. The magistrate judge issued the warrant in error. As set forth on the face of the warrant, Chyna was only ten years old. Therefore, the proper charge was aggravated sexual battery—a felony. *See* Va. Code § 18.2-67.3 ("[a]n accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he complaining witness is less than 13 years of age"). Having realized the error, the Commonwealth's attorney *nol prossed* the original warrant, and presented the case to the grand jury. The grand jury returned felony indictments for two counts of aggravated sexual battery and one count of taking indecent liberties with a child. On July 21, 2010, a jury found Savage not guilty.

On November 27, 2010, Savage filed a civil lawsuit against the County of Stafford, the Stafford County Sheriff's Office, the Commonwealth's Attorney for Stafford County, an Assistant Commonwealth Attorney, Deputy Sturdivant, and several other law enforcement officers employed by the Stafford County Sheriff's Office. All claims against every defendant except for Sturdivant have been subsequently dismissed by order of the Court. (Dkt. Nos. 34, 54, 68).

In his Third Amended Complaint, Savage alleges five grounds for recovery: (1) "Liability under Section 1983 for arresting Plaintiff in violation of the Fourth Amendment"; (2) "State Claim of False Arrest"; (3) "Negligence"; (4) "Deprivation of Due Process"; and (5) "Malicious Prosecution." Savage also seeks to have his state criminal records expunged and sealed.

4

II. Analysis

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). The issue of material fact is not "required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz. v. Cities Svc. Co.*, 391 U.S. 253, 288-289 (1968). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation omitted).

In the qualified immunity context, summary judgment is appropriate only "in the absence of a genuine dispute as to the reasonableness of the officers' perceptions." *Clem v. County of Fairfax*, 150 F. Supp. 2d 888, 894 (E.D. Va. 2001) (quoting *Gooden v. Howard County*, 954 F.2d 960, 965 (4th Cir. 1992)). There is a "clear principle" holding that "the qualified immunity doctrine's important purpose of saving officers from the burden and expense of litigation in appropriate circumstances does not trump the parties' right to have a fact-finder resolve disputed issues of fact material to the doctrine's application." *Clem*, 150 F. Supp. 2d at 896.

Both parties argue that there are no genuine issues of material fact necessitating a trial on the issue of liability. The Court will address each of Savage's claims in turn.

a. Count I: Liability Under § 1983 for Constitutional Violations

Under 42 U.S.C. § 1983, state and local law enforcement officers who are sued in their individual capacities for damages are entitled to qualified immunity. *See Cromer v. Brown*, 88 F.3d 1315, 1324 (4th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Immunity is lost when an official (1) violates a statutory or constitutional right of the plaintiff, and (2) the right was clearly established at the time of the acts complained of such that an objectively reasonable official in that position would have known of the right. *See McVey v. Stacy*, 157 F.3d 271, 276 (4th Cir. 1998).

Savage alleges several separate bases for liability under § 1983: (1) that the arrest occurred in the home without a warrant, consent, or exigent circumstances (in violation of the Fourth Amendment); (2) that the arrest was for a misdemeanor offense though it occurred outside the presence of the officer (in violation of the Fourth Amendment); and (3) that the arrest was without probable cause (in violation of the Fourth Amendment).

i. Warrantless arrest in the home

Savage alleges that Sturdivant violated his rights by arresting him in his home in the absence of a warrant or exigent circumstances. *See, e.g.*, Pl.'s Mot. for Summ. J. ¶ 8. Under clearly established federal law, absent exigent circumstances, police officers may not make a warrantless, nonconsensual entry into a private dwelling in order to effectuate an arrest. *Payton v. New York*, 445 U.S. 573, 590 (1980).

According to Savage, Sturdivant entered Savage's bedroom at least once without obtaining Savage's consent. Savage Aff. ¶ 8. Nonetheless, this Court finds that a genuine issue

of material fact exists regarding the presence or absence of exigent circumstances that would justify Savage's warrantless arrest. *Celotex* requires that a party moving for summary judgment "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Neither party here has sufficiently addressed whether exigent circumstances justified a warrantless intrusion. *See Minnesota v. Olson*, 495 U.S. 91, 100 (1990); *Fletcher v. Town of Clifton*, 196 F.3d 41, 50 (1st Cir. 1999) (finding that officer enjoyed qualified immunity for warrantless entry where officer perceived danger to persons associated with domestic violence). The parties' motions for summary judgment on this issue are therefore DENIED.

### ii. Misdemeanor arrest outside the presence of the officer

Savage also charges that his warrantless, misdemeanor arrest was illegal because the alleged crime took place outside of the arresting officer's presence. This cannot serve as the basis for a § 1983 claim. "A section 1983 action . . . is not predicated on the legality or illegality of an act under state law, but on whether that act deprives an individual of 'rights, privileges, or immunities secured by the [federal] Constitution and laws.'" *Clipper v. Takoma Park*, 876 F.2d 17, 19 (4th Cir. 1989) (quoting 42 U.S.C. § 1983). As noted above, in order to overcome an officer's qualified immunity, the *federal* right alleged to have been violated must be clearly established at the time of the acts complained of such that an objectively reasonable official in that position would have known of the right. *McVey*, 157 F.3d at 276. The Supreme Court has not addressed the issue of whether the Fourth Amendment entails an "in the presence" requirement for purposes of misdemeanor arrests, *see Atwater v. City of Lago Vista*, 532 U.S. 318, 340 n.11 (2001), nor has the Fourth Circuit provided clear direction on the issue. *See, e.g.*,

7

*United States v. McNeill*, 484 F.3d 301, 311 (4th Cir. 2007) ("[W]e need not decide whether the Fourth Amendment contains an 'in the presence' requirement for warrantless misdemeanor arrests...."). It cannot be said that Sturdivant violated a clearly established federal right by arresting Savage. Therefore, this Court GRANTS Sturdivant's Motion for Summary Judgment as to Savage's § 1983 claim insofar as it rests upon these grounds.

### iii. Lack of probable cause

The issue of probable cause is central to several claims in this case. With respect to Savage's § 1983 claim, the law is clear that if an officer effects an arrest in the absence of probable cause, he violates the arrestee's Fourth Amendment right to be free from unreasonable seizure. *United States v. Watson*, 423 U.S. 411, 417 (1976). Probable cause exists when "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003) (quoting *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992)). In making its determination of whether probable cause exists in a given case, the Court must consider only those "facts and circumstances known [to the officer] at the time of the arrest." *Smith v. Tolley*, 960 F. Supp. 977, 994 (E.D. Va. 1997). Under the standard for qualified immunity, the officer is immune from an § 1983 claim for arrest in the absence of probable cause if: (1) probable cause existed (and hence no constitutional violation occurred); or (2) regardless of whether probable cause existed, a reasonable officer in the officer's shoes "could have believed that he had probable cause to arrest." *Sevigny v. Dicksey*, 846 F.2d 953, 956 (4th Cir. 1988).

Applying the law to the facts of this case, this Court finds that genuine issues of material fact exist regarding the probable cause and qualified immunity determination. More specifically,

material, disputed issues of fact exist as to the substance of the conversations that occurred between Sturdivant and Savage in Savage's bedroom. Sturdivant claims that Savage told him he was home at 2:30 p.m. Sturdivant justified his failure to pursue Savage's proffered alibi evidence on these grounds. Savage, on the other hand, asserts that he never told Sturdivant he was home at 2:30 p.m. On the contrary, Savage claims to have spelled out in some detail his whereabouts from the previous 24 hours. According to Savage, he then placed exculpatory evidence in Sturdivant's hand, and offered contact information for persons who could confirm that Savage was not home at the time of the alleged crime. Sturdivant refused to pursue these evidentiary leads, even when fellow officers requested that he allow them to do so. Savage also asserts that Sturdivant confessed that he had doubts about the authenticity of Chyna's story. Contingent upon its resolution of these disputed facts, a reasonable fact-finder could properly determine that Sturdivant had neither probable cause to arrest Savage, nor a reasonable belief that probable cause existed.

In reaching this conclusion, the Court is wary of second-guessing the investigatory decisions of an experienced police officer. Certainly the Court concurs that it cannot and should not "pursue all the steps a police officer *might* have taken that *might* have shaken [an officer's] belief in the existence of probable cause." *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991) (emphasis in original); *see also Clipper*, 876 F.2d at 20 (holding that officer's failure to investigate leads provided by arrestee was not, in itself, sufficient to negate probable cause). However, as the Fourth Circuit has made clear, a police officer may be liable under § 1983 where he fails to investigate "readily available exculpatory evidence." *Torchinsky*, 942 F.2d at 264; *see also Clipper*, 876 F.2d at 19 (upholding § 1983 verdict for arrestee where officers failed to contact persons identified by arrestee who would have confirmed arrestee's alibi); *Wadkins v.*

*Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (holding that an officer "may not disregard readily available exculpatory evidence of which he is aware"). Given disputes of material fact, this Court cannot rule as a matter of law on the reasonableness of Sturdivant's probable cause determination, or on the existence of probable cause itself. Summary judgment disposition is, therefore, inappropriate. The parties' motions for summary judgment as to this issue are DENIED.

  b. Count II: False Arrest

In Count II of his Third Amended Complaint, Savage states a claim for false arrest. Under Virginia law, where a law enforcement officer acts in good faith and with probable cause, he cannot be held liable for false arrest. *Veney v. Ojeda*, 321 F. Supp. 2d 733, 747 (E.D. Va. 2004) (citing *DeChene v. Smallwood*, 311 S.E.2d 749, 751 (1984)). "To establish the defense, an officer need not allege and prove probable cause in the constitutional sense. Instead, the officer must allege and prove (i) that he believed in good faith that the arrest was lawful and (ii) that his belief was reasonable." *Veney*, 321 F. Supp. 2d at 747 (internal citations omitted).

Like Savage's § 1983 claim for unreasonable seizure, this issue turns on whether Sturdivant possessed a reasonable belief that probable cause to arrest Savage existed. In light of the genuine disputes of material fact set out in Section II(a)(iii), the Court cannot resolve this matter on summary disposition. The parties' motions for summary judgment are DENIED.

  c. Count III: Negligence

Savage claims that Sturdivant was negligent in conducting his investigation, and that this negligence resulted in damage to Savage. Third Am. Compl., Count III; *see also* Third Am. Compl. ¶ 2 (alleging that Sturdivant's failure to investigate and document Savage's alibi was "gross negligence"). Under Virginia law, ordinary negligence claims cannot lie against a law

enforcement officer who was engaged in "an essential governmental function involving the exercise of discretion and judgment" at the time of the act alleged to be negligent. *See Glasco v. Ballard*, 452 S.E.2d 854, 856 (Va. 1995). In determining whether defendants are entitled to this immunity, Virginia courts consider the following factors: "1) the nature of the function performed by the employee; 2) the extent of the state's interest and involvement in the function; 3) the degree of control and direction exercised by the state over the employee; and 4) whether the act complained of involved the use of judgment and discretion." *Messina v. Burden*, 321 S.E.2d 657, 663 (Va. 1984).

Enforcement of laws against sexual abuse are undeniably a function of the Stafford County Sheriff's Office, and one with which the office is heavily involved. Sturdivant was performing this law enforcement function at the time of the acts that Savage alleges were negligent. Sturdivant's responsibilities in executing the function were not ministerial. Rather, they required him to make "prompt, original, and crucial decisions" in a delicate and stressful situation. *See Colby v. Boyden*, 400 S.E.2d 184, 187 (Va. 1991). Therefore, this Court is satisfied that Sturdivant qualifies for immunity under the applicable standard.

Even though Sturdivant enjoys immunity from simple negligence claims, he is nonetheless liable for acts that rise to the level of gross negligence. *Id.* Virginia Courts have used many formulations to define gross negligence: It is "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]." *Green v. Ingram*, 608 S.E.2d 917, 922 (Va. 2005). "It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness." *Ferguson v. Ferguson*, 181 S.E.2d 648, 653 (Va. 1971). "It is a heedless and palpable violation of legal duty respecting the rights of others." *Town of Big Stone Gap v.*

*Johnson*, 35 S.E.2d 71, 73 (Va. 1945). "Gross negligence amounts to the absence of slight diligence, or the want of even scant care." *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987).

The ultimate determination as to the existence or absence of gross negligence could turn upon the fact-finder's resolution of the aforementioned material facts in dispute. For this reason, summary disposition on this issue is inappropriate. The parties' motions for summary judgment as to the negligence count are DENIED.

### d. Count IV: Deprivation of Due Process

Savage claims that by "conducting an improper investigation by failing to document and investigate . . . readily available alibi evidence" Sturdivant violated Savage's procedural and substantive due process rights. Pl.'s Mot. for Summ. J. ¶ 3. According to Savage, Sturdivant's "omission of Plaintiff's alibi in his narrative report deprived Plaintiff of his protected due process rights not to be arrested without probable cause." Third Am. Compl., Count IV.

The substantive right claimed by Savage does not exist. As both the Fourth Circuit and the Supreme Court have made clear, prosecution in the absence of probable cause does not give rise to a due process claim. *See Albright v. Oliver*, 510 U.S. 266, 268 (1995) ("Petitioner asks us to recognize a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause. We decline to do so."); *Wilkes v. Young*, 28 F.3d 1362, 1364 n.2 (4th Cir. 1994) ("[A]n individual alleging that he was prosecuted in the absence of probable cause states no substantive due process claim.").

Savage's substantive federal claim against Sturdivant is for Fourth Amendment violations, not for due process violations. Sturdivant's Motion for Summary Judgment as to this count is GRANTED, and Savage's motion is DENIED.[2]

e. Count V: Malicious Prosecution

In a malicious prosecution action, the plaintiff must prove that his prosecution was "(1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998). Malice, in this context, is defined as "any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Id.* The fact-finder may infer malice from the lack of probable cause. *Giant of Va., Inc. v. Pigg*, 152 S.E.2d 271, 276 (Va. 1967); *see also Lee v. Southland Corp.*, 244 S.E.2d 756, 759 (Va. 1978) (same).

Savage can clearly satisfy the second and fourth *Hudson* elements. Whether Savage can satisfy the remaining two elements turns upon whether the arrest was made with or without probable cause. In light of the genuine disputes of material fact set out in Section II(a)(iii), the Court cannot resolve this matter on summary disposition. The parties' motions for summary judgment are hereby DENIED as to this count.

f. Count VI: Non-Monetary Relief

Savage also asks this Court to expunge and seal his "criminal record in both the juvenile and domestic relations court as well as the circuit court to include any and all internal police

---

[2] To the extent that Savage's due process claims rest upon his period of detention, or upon Sturdivant's alleged falsification of evidence, or false testimony to the magistrate judge, this Court has previously dismissed those claims *with prejudice*. *See* June 16, 2010 Order (Dkt. No. 68).

notes, comments, and papers on file." Third Am. Compl, Count VI. The procedure for expunging police and court records in the Commonwealth of Virginia is set out in Va. Code. § 19.2-392.2. Savage has informed the Court that he has not yet attempted to pursue this avenue of redress. Count VI is, therefore, DISMISSED WITHOUT PREJUDICE. Savage is encouraged to return to the Court if he is unable to achieve the relief he seeks through the means prescribed by state law.

III. Conclusion

In sum, Savage's Motion for Summary Judgment is DENIED in its entirety. Sturdivant's Motion for Summary Judgment is GRANTED with respect to Count IV: Deprivation of Due Process and with respect to Savage's § 1983 claim for misdemeanor arrest outside the presence of the officer. On all other issues, Sturdivant's Motion for Summary Judgment is DENIED. Savage's request for non-monetary relief in Count VI is DISMISSED WITHOUT PREJUDICE.

November 16, 2010
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge