IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TONY EDWARD SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:09-cv-1328 |
| ) | |
| COUNTY OF STAFFORD, ) | |
| VIRGINIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Judgment as a Matter of Law and Motion for a New Trial. (Dkt. No. 220). For the reasons that follow, the Court denies the motions.

### DISCUSSION

1. Motion for Judgment as a Matter of Law

If, after a party has been fully heard on an issue, the court determines that the jury has an insufficient evidentiary basis to find for the party on that issue, the court may grant judgment as a matter of law. FED. R. CIV. P. 50. Where a party moves to set aside a jury verdict, the court must view all evidence in a light most favorable to the non-moving party, *Lack v. Wal-Mart Stores, Inc.*, 240 F.3d 255, 259 (4th Cir. 2001), and must not weigh the evidence or consider the credibility of witnesses. *Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). The court should grant the motion only if "the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party." *Persinger v. Norfolk & W. Ry. Co.*, 920 F.2d 1185, 1189 (4th Cir. 1990).

Plaintiff argues that he is entitled to judgment because Defendant Deputy Sturdivant ("Sturdivant") violated Plaintiff Tony Edward Savage's ("Savage") Fourth Amendment rights when Savage "consented to [Sturdivant's] demands" in response to Sturdivant's "badge of authority." Pl.'s Mem. in Supp. of Mot. for J. 8. According to Savage, he "voluntarily submitted to [Sturdivant's] color of authority" on three occasions: (1) when Sturdivant initially entered Savage's bedroom; (2) when Sturdivant told Savage not to leave the bedroom; and (3) when Sturdivant entered Savage's bedroom for the second time. *Id.* Savage appears to argue that although he complied with Sturdivant's requests, he did so only because Sturdivant was a police officer; "consent" was, therefore, involuntary as a matter of law.

The Fourth Amendment generally prohibits police officers from conducting warrantless searches, or warrantless entry into a dwelling for the purpose of effecting an arrest. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'") (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *Payton v. New York*, 445 U.S. 573, 590 (1980) (holding that, absent exigent circumstances, police may not enter a home to seize persons or property). An exception applies where the officer acts with valid consent. *Schneckloth*, 412 U.S. at 219. Consent is valid only if given knowingly and voluntarily by one with authority to consent. *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (citations and internal quotation marks omitted). In assessing whether consent was voluntary, the finder of fact must consider the "totality of the circumstances" including such factors as "the characteristics of the accused, his education and intelligence, the number of officers present, along with the location and duration of the [encounter]." *United States v. Digiovanni*,

2

--- F.3d ---, 2011 WL 3000496, at *12 (4th Cir. 2011).

The Court rejects Plaintiff's argument that a reasonable jury could only conclude that Sturdivant acted without Savage's voluntary consent. As to Sturdivant's initial entry into Savage's bedroom, Sturdivant testified that he knocked on Savage's door and announced himself, and that it was Savage who opened the door. Sturdivant Tr. 13:12-23; 38:9-15. Savage, on the other hand, testified that he and Sturdivant opened the door at the same time. Savage Tr. 14-15. On cross-examination, Savage modified his testimony, claiming that Sturdivant had "opened the door" or "pushed that door open." *Id.* at 53-54. The jurors heard these conflicting narratives, and they were entitled to credit the testimony they considered most believable.

Plaintiff next claims that Sturdivant violated Savage's rights when he insisted Savage not leave his bedroom. The only record evidence in support of this claim is Savage's word. *See id.* at 16:16-18 ("[Sturdivant] asked me to hold on, He said, don't go anywhere . . . ."). Sturdivant testified that, after questioning Savage for the first time, he walked back downstairs to speak again with the alleged victim. Sturdivant Tr. 15:2-7. A reasonable jury could conclude that Sturdivant never intruded on Savage's liberty in the manner Savage alleges.

With regard to Sturdivant's second entry into Savage's bedroom, Plaintiff offered no evidence that this entry was anything but consensual. In trial, Savage testified only that Sturdivant "came back upstairs," and "began questioning [him] again." Savage Tr. 20:10-12. Sturdivant testified that he had "presented [himself] back at Mr. Savage's door" upon arriving upstairs, and that he believed he had consent to be in the bedroom. Sturdivant Tr. 22:5-17. A reasonable jury could find that Sturdivant's second entry into the bedroom was consensual.

Lastly, Savage argues that even if he consented to Sturdivant's presence in his bedroom, he did so only in recognition of Sturdivant's status as a law enforcement officer. Therefore,

3

according to Savage, any consent was involuntary. This argument fails. Consent is not rendered invalid merely because the recipient was a law enforcement agent. Were the courts to adopt such a rule, consent would be "involuntary" in virtually every case. *See, e.g., United States v. Zertuche-Tobias*, 953 F. Supp. 803, 833 (S.D. Tex. 1996) ("the Court is not prepared to hold that law enforcement officers may not approach a private residence and request permission to ask questions or to search").

Savage's reference to *United States v. Mowatt*, 513 F.3d 395 (4th Cir. 2008) misses the mark. In *Mowatt*, the government attempted to argue that the defendant had voluntarily opened his door when police officers had, in fact, repeatedly demanded that he do so. *Id.* at 397, 400 n.3. The Court rejected the government's argument, *id.* at 400 n.3, but specifically noted that "no search occur[s] when the police simply knocked on a door and the occupant opened it, not in response to a demand under color of police authority." *Id.* at 400 n.4. Here, the jury heard no testimony to suggest that Sturdivant *demanded* entry into Savage's bedroom. *Mowatt* is inapposite.

The relevant voluntariness inquiry examines the totality of the circumstances. Savage's testimony revealed that he is an adult male with a college degree. Savage Tr. 56. He has experience as a legal instruments examiner for a department of corrections. *Id.* at 55-56. Sturdivant was the only officer questioning Savage, and Savage offered no testimony to suggest that he engaged in physically coercive or abusive police practices. Based on the record evidence, the jury could reasonably determine that consent was knowing and voluntary.

Savage's Motion for Judgment is denied.

2. Motion for New Trial

Savage argues that the Court's refusal to give a proposed jury instruction resulted in a miscarriage of justice necessitating a new trial. Trial courts enjoy broad discretion in fashioning jury instructions. *Dawson v. Page*, 286 F. Supp. 2d 617, 622 (M.D.N.C. 2003) (citing *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994)). Instructions are legally sufficient if, when "construed as a whole, and in light of the whole record," they "adequately inform[] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987). Contrary to Savage's assertions, the instructions at issue adequately summarize the applicable case law relating to consent. Savage's exception apparently arises out of his belief that *Mowatt* should have controlled the outcome of the case. For reasons stated above, this Court disagrees. Savage's Motion for a New Trial is denied.

## CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that Plaintiff's Motions are DENIED.

July 29, 2011
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge